IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                    Case Nos.: 1:14cr15/WTH/GRJ
                                               1:16cv134/WTH/GRJ


JOSEPH MICHAEL DIAZ,

        Petitioner.

---

## REPORT AND RECOMMENDATION

Petitioner Joseph Michael Diaz has filed a Motion by a Person in
Federal Custody to Set Aside/Vacate a Sentence of Imprisonment
Pursuant to 28 U.S.C. § 2255.  (ECF No. 58.)  The Government filed a
response in opposition, and Petitioner filed a reply.  (ECF Nos. 64, 66.)
After a careful review of the record and the arguments presented, the Court
concludes that Petitioner's motion should be denied.

## BACKGROUND and ANALYSIS

In June of 2014, a grand jury indicted Petitioner on six counts of the
production of child pornography in violation of 18 U.S.C. § 2251 (a), § 2251
(e) & 2.  (ECF No. 1.)  On September 8, 2014, Petitioner pleaded guilty

Case Nos.:  1:14cr15/WTH/GRJ; 1:16cv134/WTH/GRJ

pursuant to a written plea agreement to Counts One and Two of the indictment, which charged him with production of child pornography.  (ECF No. 24.)   The Government dismissed the remaining four counts of the indictment.  The plea agreement included a Statement of Facts.  (ECF No. 25.)  Briefly stated, Petitioner was a teacher and swim coach in Gainesville, Florida, and five members of his swim team "admitted to engaging in various forms of sexual activity that was either videoed or photographed" as part of an initiation into a club led by Petitioner.  (*Id.* at 1.)  This initiation involved three levels: (1) exposing their penises to Petitioner; (2) using Petitioner's phone to take a nude photo of themselves; and (3) using Petitioner's phone to record a video of themselves masturbating.  Pursuant to a search warrant, law enforcement found various cell phones and computer hard drives belonging to Petitioner which contained pornographic images of the members of the swim team who were initiated into Petitioner's club.  Counts One and Two of the Indictment referenced three of these victims, each of whom were over 12 years of age, but younger than 16.

A Presentence Investigation Report ("PSR") was prepared and amended four times.  (ECF Nos. 30, 31, 37, 40.)  The Final PSR stated that

in addition to the charged conduct, law enforcement found 1,215 child pornography videos on Petitioner's computers that appeared to depict exploitation of children, typically ranging in age "from possibly around the 4 to 5 year range up to the teenage range."  (ECF No. 40, PSR ¶ 19.)   Also found on Petitioner's computers were a minimum of 9,725 child pornography images, which did not reflect all the child pornography images stored ("The quantity of images was so great that not all were documented for the purpose of the forensic report.").  (PSR ¶ 23.)

The PSR calculated the base offense level for each count at 32, with each count carrying a minimum sentence of 15 years' imprisonment and a maximum sentence of 30 years.  (PSR ¶¶ 33, 98.)   One two-level enhancement was added to the base offense level because the offense involved minors between 12 and 15 years of age; a second two-level enhancement was added because the offense involved the commission of a sexual act or contact; and a final two-level enhancement was added because the minors were entrusted to Petitioner's care as their swim coach.  (PSR ¶¶ 34-36.)   Thus, the adjusted offense level was 38 for each count.  A multiple count adjustment of two levels was made pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3D1.4, raising the total

offense level to 40.  (PSR ¶¶ 50-53.)  Finally, a five-level Chapter 4 enhancement was added under § 4B1.5(b) for Petitioner's engaging in a "pattern of activity involving prohibited sexual conduct."  (PSR ¶ 54.)   This adjusted offense level of 45 was reduced by three levels for acceptance of responsibility and for timely resolution of the case.  (PSR ¶¶ 55-56.)  Accordingly, based on a total offense level of 42 and a criminal history category of I, the recommended Sentencing Guideline range was 360 months' imprisonment to life on each count.  (PSR ¶ 99.)  On March 12, 2015, the court sentenced Petitioner to 360 months' imprisonment on each count, to run consecutively, followed by supervision for life.  (ECF No. 42.)  Petitioner did not appeal his sentence.  Petitioner filed his timely § 2255 motion on March 25, 2016.

**General Standard of Review**

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28

Case Nos.:  1:14cr15/WTH/GRJ; 1:16cv134/WTH/GRJ

U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  *Nyhuis*, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether

a particular claim has been previously raised.  *Sanders v. United States*,

373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different

factual allegations . . . or supported by different legal arguments . . . or

couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a

substitute for direct appeal, and issues which could have been raised on

direct appeal are generally not actionable in a section 2255 motion and will

be considered procedurally barred.  *Lynn*, 365 F.3d at 1234-35; *Bousley v.*

*United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d

1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct appeal when

its merits can be reviewed without further factual development."  *Lynn*, 365

F.3d at 1232 n.14 (quoting Mills, 36 F.3d at 1055).  Absent a showing that

the ground of error was unavailable on direct appeal, a court may not

consider the ground in a section 2255 motion unless the petitioner

establishes (1) cause for not raising the ground on direct appeal, and (2)

actual prejudice resulting from the alleged error, that is, alternatively, that

he is "actually innocent."  *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622

(citations omitted).  To show cause for procedural default, a petitioner must

show that "some objective factor external to the defense prevented [him] or

his counsel from raising his claims on direct appeal and that this factor

cannot be fairly attributable to [petitioner's] own conduct." *Lynn*, 365 F.3d

at 1235.  A meritorious claim of ineffective assistance of counsel can

constitute cause.  *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable

on direct appeal and are properly raised by a § 2255 motion regardless of

whether they could have been brought on direct appeal.  *Massaro v. United*

*States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694

F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257

n.5 (11th Cir. 2016).  In order to prevail on a constitutional claim of

ineffective assistance of counsel, a petitioner must demonstrate both that

counsel's performance was below an objective and reasonable

professional norm and that he was prejudiced by this inadequacy.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529

U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th

Cir. 2013).  In applying *Strickland*, the court may dispose of an ineffective

assistance claim if a petitioner fails to carry his burden on either of the two

prongs.  *Strickland*, 466 U.S. at 697; *Holladay v. Haley*, 209 F.3d 1243,

1248 (11th Cir. 2000) ("[T]he court need not address the performance

prong if the defendant cannot meet the prejudice prong, or vice versa.").  In

determining whether counsel's conduct was deficient, this court must, with

much deference, consider "whether counsel's assistance was reasonable

considering all the circumstances."  *Strickland*, 466 U.S. at 688; *see also*

*Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).

Reviewing courts are to examine counsel's performance in a highly

deferential manner and "must indulge a strong presumption that counsel's

conduct fell within the wide range of reasonable professional assistance."

*Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting

*Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d

1305, 1315-16 (11th Cir. 2000) (discussing presumption of reasonableness

of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir.

1989) (emphasizing that petitioner was "not entitled to error-free

representation").  Counsel's performance must be evaluated with a high

degree of deference and without the distorting effects of hindsight.

*Strickland*, 466 U.S. at 689.  To show counsel's performance was

unreasonable, a petitioner must establish that "no competent counsel

would have taken the action that his counsel did take."  *Gordon v. United*

*States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*,

218 F.3d at 1315.  "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness."  *Chandler*, 218 F.3d at 1314.  When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  *Id.* at 1316 n.18.

Regarding the prejudice requirement, a petitioner must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  "The likelihood of a different result must be substantial, not just conceivable."  *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993).  A petitioner therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.* at 369 (quoting *Strickland*, 466 U.S. at 687).  To establish ineffective assistance, a petitioner must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815

F.2d 1401, 1406-07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012).

The law is well-established that counsel is not ineffective for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See*, *e.g.*, *Sneed v. Fla. Dep't of Corr.*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for

failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a petitioner must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations

unsupported by specifics, or contentions that are wholly unsupported by the

record.  *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th

Cir. 2014) (explaining that "a district court need not hold a hearing if the

allegations [in a § 2255 motion] are . . . based upon unsupported

generalizations") (internal quotation marks omitted); *Peoples v. Campbell*,

377 F.3d 1208, 1237 (11th Cir. 2004).  Even affidavits that amount to

nothing more than conclusory allegations do not warrant a hearing.  *Lynn*,

365 F.3d at 1239.  Finally, disputes involving purely legal issues can be

resolved by the court without a hearing.  The undersigned finds that an

evidentiary hearing is not warranted in this case.

**Petitioner's Claims**

Petitioner raises nine claims of ineffective assistance of trial counsel

in his motion.  The Government argues that all but one of Petitioner's

claims are procedurally defaulted because he failed to raise them on direct

appeal.  (*See* ECF No. 64 at 3-5.)  Petitioner replies that his claims are not

procedurally defaulted because a defendant generally cannot raise claims

of ineffective assistance of counsel on direct appeal.  (*See* ECF No. 66 at

2-3.)  The undersigned agrees that Petitioner's ineffective assistance of

counsel claims are not procedurally defaulted, so they will be reviewed on the merits.  *See Massaro v. United States*, 538 U.S. 500 (2003).

## Ground One—Ineffective Assistance of Counsel in Failing to Object to Sentencing Enhancement Under U.S.S.G. § 2G2.1(b)(2)

Petitioner's base offense level was increased by two points pursuant to U.S.S.G. § 2G2.1(b)(2) because the offense involved the commission of a sexual act or sexual contact on a minor over twelve years but under sixteen years.  (ECF No. 40, PSR ¶ 35.)   The Final PSR based the enhancement on Petitioner masturbating "in front of the victims and at times would have the victims masturbate themselves and/or each other while he watched."  (PSR ¶ 35.)   Petitioner argues that his counsel failed to understand what conduct constituted the "relevant conduct" that the court could consider in enhancing his sentence under this provision. Consequently, he argues that his counsel was ineffective in failing to object to the application of this enhancement.  (ECF No. 58 at 10-13.) Specifically, Petitioner alleges that there was no factual basis for the allegation that he masturbated in front of the victims or had them masturbate themselves and there was insufficient evidence that he committed these acts in preparation for or during the commission of the

offenses of conviction.  He argues that the absence of this enhancement

would have lowered his total offense level to 40, thus lowering the

Guideline range to between 292 and 365 months' imprisonment.

Under U.S.S.G. § 2G2.1(b)(2), the term "sexual act" includes,

"contact between the mouth and the penis" and "the intentional touching,

not through the clothing, of the genitalia of another person who has not

attained the age of 16 years with an intent to abuse, humiliate, harass,

degrade, or arouse or gratify the sexual desire of any person."  18 U.S.C.

§ 2246(2)(b) & (d); § 2G2.1(b)(2) cmt. n.2.  The term "sexual contact"

means "the intentional touching, either directly or through the clothing, of

the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with

an intent to abuse, humiliate, harass, degrade, or arouse or gratify the

sexual desire of any person."  18 U.S.C. § 2246(3).  The Final PSR

contained facts which meet these definitions.  Paragraph 14 states as

follows:

> One of the victims reported that between June 2013 and December
> 2013, the defendant forced the victim to take nude pictures of himself
> and that the defendant masturbated the victim (unknown amount of
> times).  This victim reported that the defendant masturbated in front
> of the victim's residence and that the defendant made the victim
> masturbate another victim (also under the age of 16) while the
> defendant watched. . . .

Case Nos.:  1:14cr15/WTH/GRJ; 1:16cv134/WTH/GRJ

Another victim reported that the defendant began engaging in inappropriate activities with him when the victim was 10 years old. The victim advised the defendant initially began by touching the victim's penis while they were watching television.  This quickly escalated over the next six months to where the defendant would take the victim's clothes off and would touch the victim's penis with his hands and mouth.  The victim described two (2) incidents, in detail, one when he was 10 years old and one that occurred around March 23, 2014.

(ECF No. 40, PSR ¶ 14.)  Petitioner did not object to these factual statements in the PSR, and the sentencing court accepted the Final PSR as true and accurate.  (*See* ECF No. 47 at 40.)

U.S.S.G. § 1B1.3(a)(1) defines "relevant conduct" as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."  However, relevant conduct under U.S.S.G. § 1B1.3 is not limited to the conduct charged in the indictment, and a district court may evaluate relevant conduct not included in the indictment for purpose of sentencing. *See United States v. Ignancio Munio*, 909 F.2d 436, 438 (11th Cir. 1990).

A sentencing court may consider "conduct underlying [an] acquitted charge," *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam), as well as conduct alleged in counts dropped by the Government pursuant to a plea agreement.  *See United States v. Scroggins*, 880 F.2d 1204, 1211 (11th Cir. 1989) (applying prior version of Guidelines).  Courts interpret relevant conduct broadly.  *See United States v. Behr*, 93 F.3d 764, 765 (11th Cir. 1996).

Petitioner argues that relevant conduct must be based on acts committed in preparation for or during the offense of conviction only. However, Petitioner had notice that the court could consider more facts in determining his sentence.  During his plea colloquy, the court asked Petitioner the following question:

> Under the plea agreement certain counts will be dismissed.  But do you understand that under the current law and the Sentencing Guidelines, that even though these counts are going to be dismissed by the government at the time of your sentencing, this Court is still required to take into account all of the facts pertaining to your involvement in this case when considering the sentence, including the charges which are to be dismissed?

(ECF No. 51 at 16.)  Petitioner answered in the affirmative.  Additionally, Petitioner had notice of the conduct upon which the Government relied in supporting the enhancement at issue here.  In the Addendum to the Fourth

and Final PSR, the probation officer relied on the following information as

relevant conduct which was used to determine the recommended Guideline

sentence:

> The number of victims identified, even though the counts may be
> dismissed, are part of relevant conduct and were used to determine
> the appropriate guideline sentence in this case.  According to the
> Case Supplement Report provided by [AUSA], Frank Williams, one of
> the victims (Victim #3) met Diaz when he was 7 years old, as Diaz
> coached Victim #3's older sister.  He joined Diaz's swim group when
> he was 11 years old.  This victim stated that in June or July 2013, he
> took nude photos and recorded himself "jacking off" at Diaz's request
> almost daily.  Additionally, according to Eighth Judicial Circuit Arrest
> Affidavit, Victim JK, who was 13 years old at the time the report was
> taken, stated that he was approximately 10 years old when the
> defendant began engaging in inappropriate activities with him.
> Because these specific victims may not be the victims cited in the
> counts to which the defendant pled, they are considered relevant
> conduct, and as such, their ages are taken into consideration when
> applying the specific offense characteristic.

(ECF No. 40 at 22.)

Petitioner points to an exchange which occurred at his first

sentencing hearing held in December of 2014, which was continued based

on some confusion about the age of one of the victims in the case.

Petitioner's counsel Timothy Jansen objected to a victim identified in the

PSR as "JK," who was not part of the indictment, but was involved in a

separate State of Florida case.[1]  Counsel stated, "we understand the

relevant conduct for charges that are dismissed and didn't object.  We

understand that that's relevant conduct.  But when the relevant conduct is

not dismissed conduct, and the child is not, was never part of this

investigation, was never part of the indictment, we don't believe that that

should be considered as relevant conduct."  (ECF No. 52 at 4.)

The Government disputed that relevant conduct was limited to

charges which were dismissed, arguing that "it relates to all criminal

conduct that relates to the charges that are before the Court . . . .  (*Id.* at 5.)

Other than accepting the Final PSR as true and accurate, the court did not

specifically address the relevant conduct which it considered in applying

the enhancement under U.S.S.G. § 2G2.1(b)(2).  Irrespective of counsel's

argument that relevant conduct should be limited to dismissed charges, the

court could consider uncharged conduct in enhancing Petitioner's

---

[1] Petitioner was charged in state court with offenses including one count of sexual battery on a person under 12 years of age; one count of lewd or lascivious behavior-molestation on a person under 12 years of age; lewd and lascivious battery on a person under 16 years of age; lewd or lascivious battery on a person under 16 years of age; lewd or lascivious molestation on a person between 12 and 16 years old.  (*See* ECF No. 40, PSR ¶¶ 66-67; Case No. 2014 CF 1492A, Alachua County, Florida.)  These charges were not prosecuted after the sentence was imposed in the federal case.

sentence.  Therefore, Petitioner's counsel's failure to raise an objection to

the enhancement based on relevant conduct is without merit.  *See Denson*

*v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (stating that the

failure to raise "a meritless objection does not constitute deficient

performance").  Petitioner is not entitled to relief on this ground.

## Ground Two-- Ineffective Assistance of Counsel in Failing to Object to Child Pornography Production Guidelines in General and As Applied to His Case

In his second ground for relief Petitioner alleges that his counsel was

ineffective in failing to object to his sentence based on the ground that

U.S.S.G. § 2G2.1 overstates the seriousness of the offenses for which he

was convicted in general and as applied specifically to his case.  (ECF No.

58 at 13-18.)  Petitioner argues that between 2004 and 2011, the number

of child pornography production cases sentenced within the Guideline

range dropped from 84% to 50.4%, allegedly reflecting concern about the

harshness of the Guideline range.  He also argues that in his case, the

Guideline range is not empirically based.  Petitioner believes that his case

is different from other cases because his victims were "neither extremely

young, nor were they subjected to violent or sadistic conduct;" the images

do not depict him in any explicit sexual conduct with the victims; and the

Case Nos.:  1:14cr15/WTH/GRJ; 1:16cv134/WTH/GRJ

images were not distributed and were not intended for distribution.  (ECF No. 58 at 18.)

Petitioner argues the child pornography Guidelines are not the product of the Sentencing Commission's usual empirically grounded procedures and thus are entitled to far less weight than the typical guideline provision under *Kimbrough v. United States*, 552 U.S. 85 (2007) (holding district court does not abuse its discretion by concluding that Sentencing Guidelines' crack cocaine/powder cocaine disparity, which treats every gram of crack cocaine as equivalent to greater quantity of powder cocaine, yields sentence "greater than necessary" to achieve sentencing statute's objectives in particular case).

At the time of Petitioner's sentencing, the Eleventh Circuit had already established that the Guidelines for child pornography offenses "do not exhibit the deficiencies the Supreme Court identified in *Kimbrough*." *United States v. Pugh*, 515 F.3d 1179, 1201 n. 15 (2008) (dicta); *see also United States v. Irey*, 612 F.3d 1160, 1203 (11th Cir. 2010); *United States v. Wayerski*, 624 F.3d 1342 (11th Cir. 2010); *United States v. Cuellar*, 617 F. App'x 966, 971 (11th Cir. 2015) (stating "*Kimbrough* concluded that a district court may—but is not required to—deviate from the guidelines in a

crack cocaine case because the crack/powder disparity might yield a sentence greater than necessary to achieve the purposes of § 3553(a), not that the district court must lower a sentence when the guideline is not supported by empirical data.") (upholding a 210-month Guidelines sentence where the district court declined to downwardly vary).  Given the foregoing, counsel was not ineffective for failing to raise an objection as to the inherent reasonableness of the child pornography Guidelines.  Petitioner is not entitled to relief on this ground.

## Ground Three—Ineffective Assistance of Counsel in Failing to Object that Sentence was Greater than Necessary to Achieve Sentencing Goals

In his third ground for relief Petitioner argues that his sentence was substantively unreasonable, and his counsel was ineffective in failing to object to the sentence on the ground that the sentence was greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing as set forth in § 3553(a).  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).  Section 3553(a) requires the sentencing court to impose a sentence "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for

the law, provide just punishment for the offense, deter criminal conduct,

protect the public from future criminal conduct by the defendant, and

provide the defendant with necessary educational or vocational training or

medical care.  *See* 18 U.S.C. § 3553(a)(2). The sentencing court must also

consider the § 3553(a) factors in determining a particular sentence.  *See* 18

U.S.C. § 3553(a)(1), (3)-(7).[2]  In explaining the sentence imposed, an

acknowledgment by the district court that it has considered the defendant's

arguments and the factors in section 3553(a) is enough.  *See United States*

*v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).  The district court is not

required to explicitly state that it has considered each of the § 3553(a)

factors.  *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

The burden of establishing that the sentence is unreasonable in light of the

---

[2] In arriving at a reasonable sentence, the district court is required to consider the factors set out in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Case Nos.:  1:14cr15/WTH/GRJ; 1:16cv134/WTH/GRJ

record and the § 3553(a) factors lies with the party challenging the

sentence. *See Talley*, 431 F.3d at 788. Although a sentence within the

advisory guidelines range is not per se reasonable, the Eleventh Circuit has

stated "we ordinarily will expect that choice to be a reasonable one." *See*

*id.* at 787–88.

> In imposing Petitioner's sentence, the court stated the following:
>
> The sentence is within the guideline range. It is below the maximum
> sentence but it is imposed to take into account the dismissed or
> uncharged conduct. A search of the defendant's computers and hard
> drives revealed over 9,700 child pornography images to include child
> bondage images and over 1,300 child pornography videos. I have
> considered 18 U.S.C. 1835 (a) [*sic*] factors and the applicable
> guidelines and policy statements.

(ECF No. 47 at 40.) Petitioner attempts to minimize the seriousness of his

crimes, stating that his conduct was "inducing boys to take photos of

themselves holding their erect penis;" however, he acknowledges that

aggravation in the case included "the age of the victims, the abuse of trust,

sexual conduct, multiple victims and a pattern of sexual misconduct." (ECF

No. 58 at 20.) Petitioner believes that his sentence should have been

lower given that he had no prior criminal history; his work history was

exemplary; he did not have any other reports of misconduct; and he was

truly remorseful.

However, a review of the factual allegations in the Final PSR, which were uncontested by Petitioner, paint a picture of serious criminal conduct, including that Petitioner propositioned one of the victims to engage in sexual activity; masturbated one victim an unknown amount of times; and "touch[ed] the victim's penis with his hands and mouth."  (PSR ¶¶ 13-14.) The Eleventh Circuit has stated that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable."  *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (upholding a 1,200-month sentence for production and possession).  In his motion, Petitioner does not address the quantity or content of the pornographic pictures and videos found in his possession.  Given the totality of the circumstances, Petitioner has not demonstrated that his sentence was substantively unreasonable.

Finally, U.S.S.G. § 5G1.2(d) provides for the imposition of consecutive sentences under the circumstances in this case.  That section states, "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but

only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d).  Here, the "total punishment" under the Sentencing Guidelines called for life imprisonment, and yet the statutory maximum for the count with the highest maximum was 30 years. Thus, the district court properly followed § 5G1.2 by imposing the sentences for multiple counts consecutively in these circumstances. *See United States v. Davis*, 329 F.3d 1250, 1253-54 (11th Cir. 2003) (upholding the imposition of consecutive sentences under § 5G1.2(d) of the Sentencing Guidelines); (ECF No. 40, PSR ¶ 99.)  Petitioner has not shown that his counsel rendered ineffective assistance in failing to raise an objection that his sentence was substantively unreasonable.  The court calculated the Guideline range correctly, considered the factors set out in § 3553(a) and referenced the findings in the PSR.  Petitioner is not entitled to relief on this ground.

## Ground Four:  Ineffective Assistance of Counsel in Failing to Object to Application of the Enhancement Pursuant to USSG § 4B1.5(b)(1)

The district court applied a five-level Chapter Four enhancement to Petitioner's sentence for engaging in a pattern of activity involving prohibited sexual conduct.  *See* § 4B1.5(b)(1).  Petitioner argues that the

court improperly imposed this enhancement because the Statement of Facts supporting his plea agreement establishes only one incident of production as to each of the victims named in counts one and two; thus, it does not meet the definition of "pattern of activity" and his counsel was ineffective for failing to raise this issue.

The commentary in U.S.S.G. § 2G2.2 states that a pattern of activity involving the sexual abuse or exploitation of a minor "means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct."  U.S.S.G. § 2G2.2 cmt. n.1.  *See United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998) (holding that a pattern of activity permits the sentencing court to consider "conduct unrelated to the offenses of conviction"); *United States v. McGarity*, 669 F.3d 1218, 1259 (11th Cir. 2012) ("we find that the clear commentary language of the Guidelines authorizes an offense level upward adjustment for a prior 'pattern of activity' based upon [defendant]'s sexual abuse of his daughter, notwithstanding its lack of relationship to the offense of conviction").

In Petitioner's case the court was not bound to the facts stipulated in the Statement of Facts in the plea agreement in determining whether Petitioner engaged in a pattern of activity involving the sexual exploitation of a minor.  Nevertheless, the Statement of Facts state that "[f]ive of the boys [on Petitioner's swim team] admitted to engaging in various forms of sexual activity that were either videoed or photographed."  (ECF No. 25 at 1.)  In addition, the Statement of Facts states that John Doe #1 was photographed holding his erect penis on February 5, 2011, and May 25, 2013, John Doe #2 and John Doe #3 were photographed standing together holding their erect penises.  (ECF No. 25 at 2-3.)  These images were stored on Petitioner's computer hard drives.  This conduct alone qualifies as a pattern notwithstanding the additional conduct recited in the PSR to which Petitioner did not object.  In addition, Charles Dale, a detective with the Gainesville Police Department, testified at the sentencing hearing that he found 137 images related to the swim team that involved "the exposure of sexual organs or some kind of sexual activity."  (ECF No. 47 at 27.)  Petitioner's counsel acknowledged in cross-examining Mr. Dale that eight swimmers were victims in this case.  (*Id.* at 28.)

Case Nos.:  1:14cr15/WTH/GRJ; 1:16cv134/WTH/GRJ

Because Petitioner engaged in the sexual abuse or sexual exploitation of a minor on at least two occasions, his sentence was properly enhanced for a pattern of activity.  *See McGarity*, 669 F.3d at 1259 ("in interpreting an earlier version of the same enhancement containing identical language with identical commentary, we determined that "the Sentencing Commission did not intend to limit the pattern of activity the court could consider to conduct related to the offense of conviction.") (quoting *United States v. Anderton*, 136 F.3d 747, 751 (11th Cir.1998) ("Because the [commentary] language ... clearly permits an increased offense level for conduct unrelated to the offense of conviction, the district court did not err in increasing the [defendants'] offense levels.")).

In addition, the Eleventh Circuit has determined that section 2G2.2(b)(5) does not place a time limit on what sexual abuse or exploitation a court may consider in finding a pattern of activity.  *See United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010) ("Nothing in § 2G2.2(b)(5) or its commentary suggests that the 'pattern of activity' must be temporally close to the offense of conviction.").   In *Turner*, the five-level enhancement was based on a defendant's repeated sexual abuse of a child that had occurred over twenty years before.  *See also United States v.*

*Carter*, 292 F. App'x 16, 19-20 (11th Cir. 2008) (finding pattern of activity where defendant had multiple photographs and videos of eleven different identifiable child victims, and physically touched the genitalia of two different children).

Finally, Petitioner objects that the sentencing court failed to make specific factual findings as to the pattern of activity enhancement. However, the Eleventh Circuit has stated, "a district court need not make specific findings 'where it adopts a presentence investigation report that contains specific findings and the defendant fails to request that the court make more specific findings.'" *McGarity*, 669 F.3d at 1258 (quoting *United States v. Wayerski*, 624 F.3d 1342, 1352 (11th Cir. 2010)).  In Petitioner's case, the court adopted the Final PSR and Petitioner made no request for more specific findings.  Petitioner has failed to demonstrate that his counsel was ineffective in failing to object to the application of this enhancement. Therefore, he is not entitled to relief on this ground.

## Ground Five:   Ineffective Assistance of Counsel in Failing to Object to Court's Consideration of Evidence in Mitigation

In his fifth ground for relief Petitioner alleges that the record does not reflect that the court considered the letters of support he submitted in

Case Nos.:  1:14cr15/WTH/GRJ; 1:16cv134/WTH/GRJ

mitigation and that his counsel's failure to object to this procedural unreasonableness constitutes ineffective assistance of counsel.

A review of the record does not support Petitioner's claim that the court failed to consider mitigating evidence when imposing sentence. As pointed out by the Government, Petitioner referenced the letters in question during the statement he made to the court at his sentencing hearing, stating, "[y]ou've had the opportunity to read the testaments of people whose lives I have positively impacted." (ECF No. 47 at 10.) Petitioner has not offered any proof that the court did not read and consider the letters in mitigation. He has also failed to provide any specific information contained in the letters or to show that any mitigation contained in these letters was significant enough to overcome the evidence in support of his sentence. As to mitigation offered at the sentencing hearing, Petitioner testified, and among other things, expressed his remorse.

In addition, his father, Jose Diaz, testified on his behalf. (*See id.* at 12-13.) Petitioner has not demonstrated that the court failed to consider the mitigation offered in his case and has not demonstrated that his counsel was ineffective for failing to object on that basis. Petitioner is not entitled to relief on this ground.

## Ground Six:  Ineffective Assistance of Counsel in Failing to Prepare and Present Mitigation at Sentencing

Petitioner argues that his counsel should have prepared a sentencing memorandum in support of his request that Petitioner be sentenced to 30 years' imprisonment.  He also argues that his counsel failed to present sufficient mitigation and failed to "'bring to life' the individual circumstances of the Defendant."  (ECF No. 58 at 24.)

A review of the final sentencing hearing shows that the defense strategy was to acknowledge the seriousness of Petitioner's crimes but argue that a 30-year sentence was an adequate punishment based on Petitioner's lack of a criminal history.  Counsel stated, "[w]e are not trying to undermine any of his conduct.  We're not going to try to play fancy tricks with the guidelines or the facts.  We believe a 30-year sentence is sufficient under the 3553 factors to warrant that sentence for a first-time offender under this situation."  (ECF No. 47 at 6-7.)   Counsel emphasized Petitioner's acknowledgment of wrongdoing.  He argued that the court should consider Petitioner's whole life, his family, education and military career, stating:

> All of that is encompassed in the presentence report.  And the reason they do that is to get a full picture of the person.  We know what the

> bad deeds are.  They have been described.  They are horrendous.
> But we also have to look at what he did before he got to this point.
> And someone said it is an illness.  It may be an illness, and we do
> have programs that try to treat people for this illness. . . . We are
> asking you to impose the 30 years.  That's what we are asking, 30
> years to run concurrently so he will serve 30 years.

(ECF No. 47 at 46.)

Petitioner has not demonstrated ineffective assistance in this ground.

He has not set forth any compelling mitigation that his counsel could have,

but failed to, present.  While he states that character witnesses should

have been called, Petitioner does not identify these witnesses by name or

state what these witnesses would have said that would have been

sufficiently persuasive to change the outcome of the case.  (*See* ECF No.

66 at 12-13.)

Finally, Petitioner has not demonstrated that had his counsel made

different arguments the outcome of the proceedings would have been

different.  Petitioner pleaded guilty to serious criminal offenses and as

discussed *supra*, there was strong evidence of other serious relevant

conduct for which he was not charged.

Finally, the Government presented compelling evidence from three of

the victim's parents detailing how Petitioner violated his position of trust

and describing the traumatic and long-lasting effects his conduct had on his young victims.  Petitioner has not demonstrated either deficient performance or prejudice.  Petitioner is not entitled to relief on this ground.

**Ground Seven:  Ineffective Assistance of Counsel in Failing to Raise Objection Based on *Apprendi v. New Jersey***

In his seventh ground Petitioner argues that his counsel was ineffective in failing to argue that his constitutional rights were violated when he was sentenced based on facts other than those admitted as part of his plea agreement.  *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that other than the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

A sentence does not run afoul of *Apprendi* when a sentencing court imposes consecutive sentences on multiple counts so long as each sentence is within the applicable statutory maximum.  *See United States v. Davis*, 329 F.3d 1250, 1254 (11th Cir. 2003); *see also United States v. Smith*, 240 F.3d 927, 930 (11th Cir. 2001) (holding that there is no *Apprendi* error where "the ultimate sentence does not exceed the aggregate statutory maximum for the multiple convictions"); *United States*

Case Nos.:  1:14cr15/WTH/GRJ; 1:16cv134/WTH/GRJ

*v. Sanchez*, 269 F.3d 1250,1268 (11th Cir. 2001) (holding "*Apprendi* has no effect on cases in which a defendant's actual sentence falls within the range prescribed by the statute for the crime of conviction").  Petitioner could have been sentenced to life imprisonment.  Instead the court sentenced him to the statutory maximum of 30 years' imprisonment for each count of conviction.  Petitioner's sentence does not exceed the statutory maximum for either count.  Therefore, Petitioner's counsel was not ineffective for failing to make an objection on *Apprendi* grounds because there was no *Apprendi* error.  Petitioner is not entitled to relief on this ground.

## Ground Eight:  Ineffective Assistance of Counsel in Advising Against Filing an Appeal

In his eighth ground Petitioner argues that there were grounds to appeal his sentence, and he had no reasons not to appeal, so had he been advised to appeal he would have done so.  In his motion, Petitioner does not elaborate on any discussions which he had with his counsel or recite any facts surrounding any appeal discussions he had with his attorneys. As to what grounds should have been appealed, Petitioner relies on the grounds raised in the instant motion.  In his reply, Petitioner elaborates

Case Nos.:  1:14cr15/WTH/GRJ; 1:16cv134/WTH/GRJ

slightly that his counsel did not explain the appeal process to him and advised him that there were no issues to appeal and attached an affidavit to that effect.  (ECF No. 66 at 9 & 66-1.)

The *Strickland* test applies to a claim that a lawyer was ineffective for failing to file a notice of appeal.  *See Roe v. Flores–Ortega*, 528 U.S. 470, 476–77 (2000).  If a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable.  *See Flores-Ortega,* 528 U.S. at 477 (citing *Rodriguez v. United States*, 395 U.S. 327 (1969); *Peguero v. United States*, 526 U.S. 23, 28 (1999)).  Because a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and the defendant is entitled to a belated appeal.  *Id.*; *Gomez–Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005).

In cases where a defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, the question whether counsel has performed deficiently by not filing a notice of appeal is analyzed as follows:

> [T]he question ... is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey

a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered; Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. *See supra 1034–1035.* If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Flores–Ortega*, 528 U.S. at 478; *see also Thompson v. United States*, 504

F.3d 1203, 1207 (11th Cir. 2007).  The *Flores–Ortega* Court rejected a

bright-line rule that counsel must always consult with a defendant regarding

an appeal:

We instead hold that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known .... Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.

*Id.*, 528 U.S. at 480; *see also Devine v. United States*, 520 F.3d 1286 (11th

Cir. 2008) (finding counsel had no affirmative duty to consult with defendant

Case Nos.:  1:14cr15/WTH/GRJ; 1:16cv134/WTH/GRJ

about an appeal where defendant was sentenced at the bottom of the

Sentencing Guidelines range after pleading guilty and waiving right to

appeal); *Thompson*, 504 F.3d at 1208 (11th Cir. 2007) (defendant

dissatisfied with perceived disparate sentence met burden of showing he

would have wanted to appeal); *Otero v. United States*, 499 F.3d 1267 (11th

Cir. 2007) (defendant who received sentence at low end of predicted

guidelines range and had not expressed desire to appeal failed to show

prejudice).

In cases where a defendant has not specifically instructed his counsel

to file a notice of appeal, a *per se* prejudice rule does not apply. Rather, a

defendant must demonstrate a reasonable probability exists that, but for

counsel's deficient performance, he would have timely appealed.  *Flores–*

*Ortega*, 528 U.S. at 484, 486; *Thompson*, 504 F.3d at 1207.  "Evidence that

there were nonfrivolous grounds for appeal or that the defendant in

question promptly expressed a desire to appeal will often be highly relevant

in making this determination."  *Flores–Ortega*, 528 U.S. at 485.  However,

"[b]ecause a direct appeal of a federal conviction is a matter of right, *see*

*Rodriquez v. United States*, 395 U.S. 327, 329–30 (1969), we determine

whether a defendant has shown that there is a reasonable probability that

he would have appealed without regard to the putative merits of such an appeal." *Thompson*, 504 F.3d at 1208 (citing *Flores–Ortega*, 528 U.S. at 485–86; *Gomez–Diaz*, 433 F.3d at 793). With respect to the second prong of the *Strickland* test, whether counsel's deficient performance prejudiced the defendant, the *Flores-Ortega* Court held that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. The defendant need not show the putative merits of such an appeal. *Id.* at 485-86.

In *Thompson*, in reviewing a claim that counsel had failed to consult with the defendant about his appeal, the district court found "[c]onsulting with [Thompson] for less than five minutes about his right to appeal does not equate to a failure to consult." 504 F.3d at 1207. On appeal, the Eleventh Circuit stated that the question of what equates to adequate consultation, however, is not one of duration, but of content. *Id.* It found that the content of the exchange in that case did not constitute adequate consultation because no information was provided to the defendant from which he could have intelligently and knowingly either asserted or waived

his right to an appeal, and the record was clear that no reasonable effort was made to discover defendant's informed wishes regarding an appeal. *Id*. Under these circumstances, the court found that any waiver by the defendant of his right to appeal was not knowing and voluntary. *Thompson*, 504 F.3d at 1207.

In *Otero*, *supra*, the court found that counsel had not consulted with his client, when all discussions took place prior to sentencing. However, it found that no rational defendant in Otero's position would have sought to appeal in light of the broad appeal waiver, and because Otero did not communicate to his lawyer a desire to appeal, it concluded that counsel was not under a constitutional obligation to consult with his client about an appeal.

In this case, the record reflects that the court explained to Petitioner at sentencing that he had fourteen days within which to file an appeal of his sentence. The court also advised Petitioner that if he did not have the funds to hire a lawyer to appeal, the court would consider the appointment of a lawyer to represent him without cost. (ECF No. 47 at 45-46.) Petitioner acknowledged that he understood the court's instructions.

Petitioner does not allege that he instructed his counsel to appeal and that counsel failed to follow his instructions. The remaining question is whether counsel adequately consulted Petitioner on the issue of filing an appeal. In his motion and his reply, Petitioner fails to proffer any details as to when his counsel advised him not to appeal, where this discussion took place, and what was said. He also fails to demonstrate his interest in appealing (other than making a blanket statement that he would have appealed if advised to do so) or point to any evidence in the record which reflect this interest. These failures doom his claim.

In addition, while it is not dispositive of the issue, based upon the court's review, there does not appear to be a compelling issue which counsel should have advised Petitioner to appeal. *See Cuero v. United States*, 269 F. App'x. 893, 895 (11th Cir. 2008) ("Since a rational defendant would not have been interested in an appeal in this case and the record supports the district court's finding that Cuero never indicated any interest in an appeal, trial counsel did not have a constitutional duty to consult with Cuero about an appeal. Thus, even if trial counsel insufficiently consulted with Cuero, it did not amount to ineffective assistance of counsel"). Given the record and the lack of a meritorious issue to raise on appeal, Petitioner

has not demonstrated ineffective assistance.  He is not entitled to relief on this ground.

## Ground Nine:  Ineffective Assistance of Counsel in Advising Against Filing an Appeal as to the Restitution Judgment

In his final ground for relief, Petitioner argues that his counsel was ineffective for failing to advise him to appeal the restitution ordered in his case because the amount was too speculative.  Petitioner acknowledges that his counsel objected to the amount of the restitution at the sentencing hearing as unsupported by the evidence.  (*See* ECF No. 47 at 39-40.)

Petitioner's claim is not cognizable in a § 2255 motion.  The Eleventh Circuit has held that a federal prisoner cannot utilize the statute governing motions to vacate to challenge a restitution order, even if cognizable claims seeking release from custody are also raised.  *See Mamone v. United States*, 559 F.3d 1209 (11th Cir. 2009).  In *Mamone*, the court determined that under the plain language of the statute, a prisoner must claim the right to be released from custody, and a reduction in restitution does not constitute release from custody.  *Id.* at 121.  Moreover, an allegation that a restitution order is erroneous because of counsel's alleged ineffective assistance of counsel does not change this result.  *See also United States*

*v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994) ("A convicted defendant who receives an allegedly erroneous fine because of constitutionally inadequate assistance of counsel cannot seek post-conviction relief under § 2255 and neither should a petitioner who is both fined and imprisoned have the opportunity to assert an identical fine-related claim under § 2255."). Therefore, Petitioner is not entitled to relief on this ground.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.:  1:14cr15/WTH/GRJ; 1:16cv134/WTH/GRJ

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.  Petitioner's Motion by a Person in Federal Custody to Set Aside/Vacate a Sentence of Imprisonment Pursuant to 28 U.S.C. § 2255 (ECF No. 58), should be **DENIED.**

2.   A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 13th day of September, 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A**

Case Nos.:  1:14cr15/WTH/GRJ; 1:16cv134/WTH/GRJ

copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.